UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHANNON JACOBBIE LANDERS III, )<br> )<br>Plaintiff )<br> )<br>vs. )<br> )<br>LAKE COUNTY JAIL, )<br> )<br>Defendant ) | CAUSE NO. 2:10-CV-030 RM |

OPINION AND ORDER

Shannon Jacobbie Landers III, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under § 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). A court deciding whether the complaint states a claim must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants

1

deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). This is Mr. Landers' second attempt to file a proper complaint. In his original complaint, Mr. Landers appeared to be alleging that he received inadequate medical care while he was housed at the Lake County Jail as a pretrial detainee, but he didn't provide enough detail to discern whether he had a plausible Fourteenth Amendment claim, nor did he allege adequately how the only defendant named, Sheriff Rogelio Dominguez, was personally involved in the denial of his rights. Accordingly, the court struck the complaint and gave Mr. Landers an opportunity to file an amended complaint addressing these deficiencies.(DE 3.)

Mr. Landers then filed this amended complaint. (DE 5.) He has dropped his claim against Sheriff Dominguez, and instead names the Lake County Jail as the sole defendant. Mr. Landers was previously cautioned that he must name a defendant who was personally involved in the alleged denial of his constitutional rights, but the amended complaint doesn't correct this deficiency. The only defendant Mr. Landers names is a building, not a person or even a policy making unit of government that can be held liable under 42 U.S.C. § 1983.

Even if Mr. Landers named a proper defendant, his allegations don't state a claim. Mr. Landers no longer alleges that he received inadequate medical care, and instead alleges a straightforward case of negligence based on the county's failure to properly maintain the jail:

I'm alleging that due to nelegence [sic] of the Lake County Jail by not fixing

2

pipes and cleaning up the water that was on the floor I was injured. On Dec. 28 at about 9:15-9:30 a.m. I slipped and fell in some sewer water that was leaking from a pipe out of the wall. I was hurt pretty bad. The person Melvin Milton told me I was knocked out for about 30 seconds. The EMT came and gave me two frozen paper towels. I'm not alleging denial of medical. But they still haven't done anything for my head. The leak has been reported several times before I was injured. But it was fixed right after I was injured. So the Lake County Jail was nelegence [sic] and therefore responsible for my injury and pain and suffering. Two Officers Reeves and Smith witnessed the incident.

(DE 5 at 3.)

Although Mr. Landers mentions that he believes he did not receive proper treatment for his head, he specifically states that he is "not alleging denial of medical," and instead he focuses on the maintenance of the building itself. To state a claim for violation of the Fourteenth Amendment, a prisoner must allege that a jail official was deliberately indifferent to a substantial risk of serious harm. Estelle v. Gamble, 429 U.S. 97 (1976). Mere negligence does not suffice. Pierson v. Hartley, 391 F.3d 898, 902 (7th Cir. 2004). At best, Mr. Landers alleges that the jail was negligently maintained. Even giving the complaint liberal construction, Mr. Landers hasn't alleged a violation of his federal constitutional rights.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February  2 , 2010.

            /s/ Robert L. Miller, Jr.
            Chief Judge
            United States District Court

cc: S. Landers, III